PRO YO STY, J.
The plaintiffs, as heirs of their mother, sue to recover an undivided interest in a tract of land which belonged to the community of acquits and gains that existed between their father and mother. Their father qualified as their tutor, and, in said capacity, administered upon the succession of their mother. At his instance, an order was made for the sale of the property of the succession to pay debts, and, in pursuance of this order, the tract now in question was advertised for sale and duly adjudicated. The price was $150. The purchaser refusing to accept title, the father of plaintiffs took a rule on him to show cause why he should not be compelled to do so. This rule, though put at issue, was never tried, or disposed of. All necessity for so doing seems to have been removed by the father of plaintiffs causing himself to be substituted as adjudicatee. A deed was accordingly made in his favor by the sheriff. The price mentioned in this deed is $100. He then filed an account, in which he included this $100 as going towards paying the debts of the succession. Later he sold the property to the defendants, who acquired it in good faith.
The defendants interposed four exceptions, two of which were overruled, and two sustained by the trial court. The latter two alone are insisted on in this court. They are want of previous tender, and that the plaintiffs cannot ignore, or attack collaterally, the deed made by the sheriff to their father. As the same legal principle underlies both of these exceptions, they may be considered together.
In Wood v. Nicholls, 33 La. Ann. 744, it was held that where there has been no sale, or one so radically null as to be merely the simulacre of one, the suit for the recovery of the property need not be preceded by tender of the pretended price, but that equity is satisfied if the defendant is allowed in reconvention whatever amount has been paid by him and gone to the enrichment of the plaintiff. In the instant case there was no sale at all, but merely the simulacre of one: merely the execution of a sheriff’s deed, as if there had been a sale. In a judicial sale it is the adjudication that constitutes the sale. All else is but documents executed for the purpose of serving as evidence of there having been a sale. There was no adjudication to the father *248 of plaintiffs, and hence no sale to him. He simply had a document executed in his favor by the sheriff, as if there had been a sale. The purpose of the present suit is to have the court decree that there has not been any sale. Plaintiffs could not be required to bring a direct action to annul a sale that had never taken place; nor, under the authority of the hereinabove cited case of Wood v. Nicholls, to make a previous tender in such a case.
•Such a thing is possible as an adjudicatee cons.enting that another person be substituted to him as adjudicatee, and this is perhaps what took place in the present case; but that question is not now up for consideration. And, besides, the price of the adjudication was $150, whereas the sheriff’s deed was for $100.
The judgment appealed from is set aside, the exceptions are overruled, and the case is remanded for further trial. The defendants to pay the costs of this appeal.
O’NIELL, J., takes no part.